UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JAMES L. CHENAULT,

      Petitioner,

v.                                 CASE NO. 6:11-cv-1619-Orl-37TBS

SECRETARY, DEPARTMENT
OF CORRECTIONS, et al.,

      Respondents.

_____

**ORDER**

    Petitioner initiated this action for habeas corpus relief pursuant to 28 U.S.C. § 2254 (Doc. No. 1).   Thereafter, Respondents filed a response to the petition in compliance with this Court's instructions and with the *Rules Governing Section 2254 Cases for the United States District Courts* (Doc. No. 11) and a supplemental response (Doc. No. 23). Petitioner filed a reply to the response (Doc. No. 21) and a reply to the supplemental response (Doc. No. 25).

    Petitioner alleges five claims for relief in his habeas petition: (1) appellate counsel was ineffective for failing to raise his claims of ineffective assistance of counsel on appeal from the denial of his Rule 3.850 motion; (2) trial counsel was ineffective for misadvising him with respect to the length of time he would spend in prison if he entered a plea; (3) trial counsel was ineffective for failing to advise him of the elements of the crime; (4) trial counsel was ineffective for failing to file a motion to suppress; and (5) his sentence was

imposed in violated of the Double Jeopardy clause.[1]   For the following reasons, the petition for writ of habeas corpus is denied.

## I.     *Procedural History*

Petitioner was charged with attempted first degree murder with a firearm (count one), aggravated battery with a firearm or causing great bodily harm (count two), robbery with a firearm (count three), and attempted carjacking with a firearm (count four). Petitioner entered a nolo contendere plea to counts one, three, and four as charged in exchange for a twenty-year minimum mandatory sentence.    The State also agreed to enter a nolle prosequi with respect to count two.    The trial court accepted the plea and sentenced Petitioner according to the plea agreement to concurrent twenty-year minimum mandatory sentences for counts one and three and to a concurrent fifteen-year sentence for count four.    Petitioner appealed, and appellate counsel moved to withdraw and filed an *Anders*[2] brief.    The Fifth District Court of Appeal granted appellate counsel's motion to withdraw and affirmed *per curiam*.

Petitioner then filed a motion for post-conviction relief pursuant to Rule 3.850 of the Florida Rules of Criminal Procedure.    After amending his Rule 3.850 motion on two occasions, the trial court held an evidentiary hearing on two of Petitioner's claims.    The

---

[1]   After consideration of the petition, memorandum of law (Doc. No. 2), and initial reply (Doc. No. 21), the Court concludes that Petitioner has raised five grounds for relief. The Court has renumbered the claims for ease of discussion.

[2]   *Anders v. California*, 386 U.S. 738 (1967).

trial court then denied relief.   Petitioner appealed, and appellate counsel filed an *Anders* brief and moved to withdraw.   The appellate court granted counsel's motion to withdraw and affirmed *per curiam*.   Petitioner also filed a "motion for new appeal" with the trial court, which was denied.

Petitioner subsequently filed a Rule 3.800(a) motion to correct illegal sentence in which he alleged that his convictions for counts three and four violated double jeopardy. The trial court denied the motion.   Petitioner appealed, and the Fifth District Court of Appeal affirmed *per curiam*.   Finally, Petitioner filed a petition for writ of habeas corpus alleging ineffective assistance of appellate post-conviction counsel.   The Fifth District Court of Appeal denied the petition without discussion.

## II.    *Legal Standards*

### A.    *Standard of Review Under the Antiterrorism Effective Death Penalty Act ("AEDPA")*

Pursuant to the AEDPA, federal habeas relief may not be granted with respect to a claim adjudicated on the merits in state court unless the adjudication of the claim:

(1)    resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2)    resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).   The phrase "clearly established Federal law," encompasses only the holdings of the United States Supreme Court "as of the time of the relevant state-court

decision." *Williams v. Taylor*, 529 U.S. 362, 412 (2000).

"[S]ection 2254(d)(1) provides two separate bases for reviewing state court decisions; the 'contrary to' and 'unreasonable application' clauses articulate independent considerations a federal court must consider." *Maharaj v. Sec'y for Dep't of Corr.*, 432 F.3d 1292, 1308 (11th Cir. 2005). The meaning of the clauses was discussed by the Eleventh Circuit Court of Appeals in *Parker v. Head*, 244 F.3d 831, 835 (11th Cir. 2001):

> Under the "contrary to" clause, a federal court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the United States Supreme Court] on a question of law or if the state court decides a case differently than [the United States Supreme Court] has on a set of materially indistinguishable facts. Under the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the United States Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case.

Even if the federal court concludes that the state court applied federal law incorrectly, habeas relief is appropriate only if that application was "objectively unreasonable." *Id.* Whether a state court's decision was an unreasonable application of law must be assessed in light of the record before the state court. *Holland v. Jackson*, 542 U.S. 649, 652 (2004) (*per curiam*); *cf. Bell v. Cone*, 535 U.S. 685, 697 n. 4 (2002) (declining to consider evidence not presented to state court in determining whether its decision was contrary to federal law).

Finally, under § 2254(d)(2), a federal court may grant a writ of habeas corpus if the state court's decision "was based on an unreasonable determination of the facts in light

of the evidence presented in the State court proceeding."    A determination of a factual

issue made by a state court, however, shall be presumed correct, and the habeas petitioner

shall have the burden of rebutting the presumption of correctness by clear and convincing

evidence. *See Parker*, 244 F.3d at 835-36; 28 U.S.C. § 2254(e)(1).

### B.    Standard for Ineffective Assistance of Counsel

The United States Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984),

established a two-part test for determining whether a convicted person is entitled to relief

on the ground that his counsel rendered ineffective assistance: (1) whether counsel's

performance was deficient and "fell below an objective standard of reasonableness"; and

(2) whether the deficient performance prejudiced the defense.    *Id*. at 687-88.   A court

must adhere to a strong presumption that counsel's conduct falls within the wide range

of reasonable professional assistance.   *Id*. at 689-90.   "Thus, a court deciding an actual

ineffectiveness claim must judge the reasonableness of counsel's challenged conduct on

the facts of the particular case, viewed as of the time of counsel's conduct."   *Id*. at 690;

*Gates v. Zant*, 863 F.2d 1492, 1497 (11th Cir. 1989).   In *Hill v. Lockhart*, 474 U.S. 52, 58

(1985), the Supreme Court of the United States held that "the two-part *Strickland v.

Washington* test applies to challenges to guilty pleas based on ineffective assistance of

counsel."

As observed by the Eleventh Circuit Court of Appeals, the test for ineffective

assistance of counsel:

> has nothing to do with what the best lawyers would have done. Nor is the
> test even what most good lawyers would have done. We ask only whether
> some reasonable lawyer at the trial could have acted, in the circumstances,
> as defense counsel acted at trial. Courts also should at the start presume
> effectiveness and should always avoid second guessing with the benefit of
> hindsight.   *Strickland* encourages reviewing courts to allow lawyers broad
> discretion to represent their clients by pursuing their own strategy. We are
> not interested in grading lawyers' performances; we are interested in
> whether the adversarial process at trial, in fact, worked adequately.

*White v. Singletary*, 972 F.2d 1218, 1220-21 (11th Cir. 1992) (citation omitted).   Under

those rules and presumptions, "the cases in which habeas petitioners can properly prevail

on the ground of ineffective assistance of counsel are few and far between."   *Rogers v.*

*Zant*, 13 F.3d 384, 386 (11th Cir. 1994).

## III.   *Analysis*

### A.   *Claim One*

Petitioner alleges appellate counsel was ineffective for failing to raise his claims of

ineffective assistance of counsel on appeal from the denial of his second amended Rule

3.850 motion (Doc. No. 21 at 3-4).   Petitioner notes that instead of raising the claims

contained in his second amended Rule 3.850 motion, counsel filed an *Anders* brief, thus

resulting in a procedural bar of those claims in this Court.   *Id.*   Petitioner raised the

instant claim in his state habeas petition (App. F).   The appellate court denied the claim.

*Id.* at 15.

Petitioner is not entitled to relief on the instant claim.   Ineffective assistance of

post-conviction appellate counsel is not a viable ground for relief arising under section

6

2254.   *See* 28 U.S.C. § 2254(I) ("The ineffective or incompetence of counsel during Federal or State collateral post-conviction proceedings shall not be a ground for relief in a proceeding under section 2254"); *United States ex rel. Williams v. Lemke*, No. 13 C 1016, 2013 WL 6858898, at *5 (N.D. Ill. Dec. 30, 2013) (noting that claims of ineffective assistance of post-conviction appellate counsel are not properly raised in a federal habeas petition); *Malone v. Sec'y, Fla. Dep't of Corr.*, No. 8:06-cv-720-T-27MAP, 2009 WL 2579216, at *14 (M.D. Fla. Aug. 20, 2009) (citing *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987) and *Murray v. Giarratano*, 492 U.S. 1, 10 (1989)).   Therefore, this claim is denied.   To the extent that Petitioner raises this claim to demonstrate cause and prejudice for the procedural default of claims two, three, and four, the Court will address that issue below.[3]

---

[3] Furthermore, to the extent that Petitioner alleges that appellate counsel was ineffective for failing to raise his ineffective assistance of trial counsel claims on direct appeal, the Court concludes that this claim is unexhausted and procedurally barred as it was not raised in his state habeas petition. *Duncan v. Henry*, 513 U.S. 364, 365 (1995) (citations omitted); *Smith v. Sec'y Dep't of Corr.*, 572 F.3d 1327, 1342 (11th Cir. 2009). Petitioner has neither alleged nor demonstrated cause and prejudice that would excuse the procedural default. *Wright v. Hopper*, 169 F.3d 695, 703 (11th Cir. 1999). Alternatively, Petitioner is not entitled to relief on the merits of his claim. In Florida, ineffective assistance of counsel claims may only be raised on direct appeal where the ineffectiveness is apparent on the face of the record.   *Zimmerman v. State*, 124 So. 3d 414 (Fla. 5th DCA 2013).   An evidentiary hearing was held on claims two and three; therefore, whether counsel was ineffective with regard to those claims was not apparent on the face of the record.   Moreover, Petitioner's claim that counsel was ineffective for failing to move to suppress the victim's identification was waived by the entry of his plea. *See Tollett v. Henderson*, 411 U.S. 258, 267 (1973) (the traditional rule is that a defendant's plea, made knowingly, voluntarily, and with the benefit of competent counsel, waives all non-jurisdictional defects in the proceeding).   Appellate counsel will not be deemed deficient for failing to raise claims that are without merit.   *Alvord v. Wainwright*, 725 F.2d 1282, 1291 (11th Cir. 1984).   Accordingly, Petitioner's claim is denied.

### B.    Claims Two, Three, and Four

Petitioner claims trial counsel was ineffective for misadvising him with respect to the length of time he would spend in prison if he entered a plea (Doc. No. 1 at 4-7). Petitioner also alleges that trial counsel was ineffective for failing to advise him of the elements of the attempted murder charge.   *Id.* at 8-10.   Finally, Petitioner contends that trial counsel was ineffective for failing to file a motion to suppress.   *Id.* at 11-15.

Respondents argue that these claims are unexhausted (Doc. No. 23 at 19). Pursuant to the AEDPA, federal courts are precluded, absent exceptional circumstances, from granting habeas relief unless the petitioner has exhausted all means of available relief under state law.   28 U.S.C. § 2254(b); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842-44 (1999).   In order to satisfy the exhaustion requirement, a state petitioner must "fairly presen[t] federal claims to the state courts in order to give the State the opportunity to pass upon and correct alleged violations of its prisoners' federal rights."   *Duncan*, 513 U.S. at 365 (citations omitted); *McNair v. Campbell*, 416 F.3d 1291, 1302 (11th Cir. 2005). The petitioner must apprise the state court of the federal constitutional issue, not just the underlying facts of the claim or a similar state law claim.   *Snowden v. Singletary*, 135 F.3d 732, 735 (11th Cir. 1998).

The Court has reviewed the record and agrees that claims two, three, and four are unexhausted.   Petitioner raised these claims in his second amended Rule 3.850 motion (App. C at 89-121).   The trial court summarily denied claim four and held an evidentiary

hearing on claims two and three, after which it also denied relief on those claims.   *Id.* at 169-204.   Petitioner appealed, and appellate counsel filed an *Anders* brief (App. D at 1-18).   Petitioner did not file a *pro se* initial brief raising these claims despite being given an opportunity to do so.   *Id.*   Petitioner's failure to specifically raise these claims in a *pro se* initial brief on appeal resulted in the abandonment of these claims.   *See Atwater v. Crosby*, 451 F.3d 799, 810 (11th Cir. 2006) (holding the failure to argue a claim in an initial brief on appeal following the denial of a Rule 3.850 motion after an evidentiary hearing results in the abandonment of that claim); *Cottrell v. Sec'y, Dep't of Corr.*, 317 F. App'x 942, 943-44 (11th Cir. 2009) (holding that appellate counsel's mention of claims in his *Anders* brief without arguing that the petitioner was entitled to relief on these claims constituted an abandonment of those claims); *Williams v. McNeil*, No. 3:08-cv-908-J-20JRK, 2010 WL 1710839, at *6 (M.D. Fla. Apr. 22, 2010) (noting an appellant is required to file an appellate brief in an appeal from the denial of a Rule 3.850 order after an evidentiary hearing). Therefore, these claims were not properly exhausted in the state court.

Moreover, the Court is precluded from considering these claims, as they would be procedurally defaulted if Petitioner returned to state court.   *Smith*, 572 F.3d at 1342 (citing *Snowden*, 135 F.3d at 736 ("[W]hen it is obvious that the unexhausted claims would be procedurally barred in state court due to state-law procedural default, we can forego the needless 'judicial ping-pong' and just treat those claims now barred by state law as no basis for federal habeas relief.")).   Petitioner could not return to the state court to raise

9

these claims as a second Rule 3.850 motion would be untimely and successive.   Fla. R. Crim. P. 3.850(b) & (h).   Thus, Petitioner's claims are procedurally defaulted.

Procedural default will be excused only in two narrow circumstances. First, a petitioner may obtain federal review of a procedurally defaulted claim if he can show both "cause" for the default and actual "prejudice" resulting from the default.   The second exception, known as the "fundamental miscarriage of justice," only occurs in an extraordinary case, where a "constitutional violation has probably resulted in the conviction of one who is actually innocent."   *Murray v. Carrier*, 477 U.S. 478, 496 (1986).

Petitioner argues that pursuant to *Martinez v. Ryan*, 132 S.Ct 1309 (2012), appellate counsel's failure to raise these claims on appeal establishes cause and prejudice for the procedural default (Doc. No. 25 at 6-7).   In *Martinez*, the Supreme Court held that a prisoner may establish cause for the procedural default of an ineffective assistance counsel claim that was not raised in an initial or first post-conviction motion if: (1) the state court did not appoint counsel in the initial-review collateral proceeding or (2) if counsel was appointed in the initial-review proceeding but failed to raise the claim.   *Id.* at 1318-19.

*Martinez* does not apply to the instant case because Petitioner's procedural default is not the result of a failure to raise his claims in his initial or first Rule 3.850 motion. Instead, the default results from the failure of post-conviction appellate counsel to raise the denial of those claims on appeal.   The *Martinez* Court held that ineffective assistance

of counsel on appeal from a post-conviction proceeding does not constitute cause to overcome a procedural bar.   *Id.* at 1320 (noting that the holding of the case does not include attorney errors in "other kinds of proceedings, including appeals from initial-review collateral proceedings . . . ."); *Coleman v. Thompson*, 501 U.S. 722, 752-53 (1991); *Garcia v. Sec'y, Dep't of Corr.*, 8:10-cv-2116-T-27MAP, 2013 WL 3776674, at *10 n.9 (M.D. Fla. July 17, 2013) (holding ineffective assistance of appellate counsel cannot constitute cause of a procedural default in a state post-conviction proceeding); *Granberry v. Tucker*, No. 5:10cv129/RH/EMT, 2012 WL 2891245, at *27 (N.D. Fla. May 4, 2012) (same). Therefore, Petitioner has failed to demonstrate cause for the procedural default of his claims, and the Court concludes that claims two, three, and four are procedurally barred from federal review.

Alternatively, after reviewing the merits of these claims, the Court concludes that Petitioner is not entitled to relief.   The trial court held an evidentiary hearing on claims two and three, during which defense counsel William McClellan ("McClellan") testified that he advised Petitioner regarding the minimum mandatory sentence and explained to Petitioner that he would be serving a "day-for-day" sentence (App. C at 192-93). McClellan further testified that he would have discussed the charges with Petitioner and what evidence there was with regard to the attempted murder.   *Id.* at 196.   McClellan also stated that Petitioner initially wanted to go to trial because he believed that none of the witnesses would appear.   *Id.* at 197-98.   However, when it became clear that the

11

victim appeared for trial and would testify against him, he decided to enter a plea.   *Id.*

The trial court denied Petitioner's claims, stating the minimum mandatory twenty-year sentence was noted on the plea form.   *Id.* at 202.   Although the trial court did not specifically state that it found counsel's testimony credible, the court stated "based upon the testimony we've had today," Petitioner's claims are denied.   *Id.*   Implicit in this ruling was a finding that counsel's testimony was credible.   The Court accepts the trial court's credibility determination with regard to claims two and three.   *See Baldwin v. Johnson*, 152 F.3d 1304, 1316 (11th Cir. 1998).   Petitioner has failed to overcome the presumption of correctness by clear and convincing evidence.   28 U.S.C. § 2254(e)(1); *Parker v. Head*, 244 F.3d 831, 835-36 (11th Cir. 2001).

Notwithstanding the trial court's findings, the record also refutes Petitioner's claims.   As noted, the plea agreement stated that by entering a plea, Petitioner would receive a twenty-year minimum mandatory sentence (App. A at 59).   By signing the plea agreement, Petitioner also affirmed that he had read the information, understood the charges against him, and had been explained the elements of the crimes, the maximum penalties that he could receive, and any possible defenses to the crimes.   *Id.*   During the plea colloquy, the trial court noted on two occasions that the bargained-for sentence was a minimum mandatory sentence.   *Id.* at 3, 6.   Petitioner stated that he had read the plea agreement and discussed the plea with his attorney.   *Id.* at 5.   Petitioner never stated that he believed he would be sentenced to a regular twenty-year sentence in which he

could receive gain time.   Further, Petitioner did not state that counsel failed to advise him of the elements of the crimes.   Petitioner's representations to the trial court are presumed true, and he has not shown that the Court should overlook his statements. *Blackledge v. Allison*, 431 U.S. 63, 73-74 (1977) (stating "the representations of the defendant . . . [at a plea proceeding] constitute a formidable barrier in any subsequent collateral proceedings.   Solemn declarations in open court carry a strong presumption of verity.") Petitioner has not demonstrated that counsel acted deficiently with regard to these claims, nor can he establish prejudice.

Further, with regard to claim four, Petitioner alleges that trial counsel was ineffective for failing to move to suppress the eyewitness identification of him.   First, the Court notes that the traditional rule is that a defendant's knowing and voluntary plea, with the benefit of competent counsel, waives all non-jurisdictional defects in the proceedings.   *Tollett v. Henderson*, 411 U.S. 258, 267 (1973).   Petitioner's claim, therefore, is barred by the entry of his plea.

To the extent it is not barred, Petitioner cannot demonstrate deficient performance on the part of counsel.   The Court notes that even if the six eyewitness statements were suppressed due to discrepancies in the description of the perpetrator (App. A at 13-22)[4], the victim identified Petitioner as the person who committed the crime.   *Id.* at 10.

---

[4] The eyewitnesses' descriptions of the perpetrator differed as to the suspect's height and whether the perpetrator wore a black or white shirt.   *Id.*

Petitioner has not demonstrated any basis warranting suppression of the victim's identification.    Petitioner's claim that the victim merely identified him as the perpetrator due to "ill intent" or ill will and counsel could have elicited this information had he deposed the victim is speculative.   *See Tejeda v. Dugger*, 941 F.2d 1551, 1559 (11th Cir. 1991) (stating vague, conclusory, speculative and unsupported claims cannot support relief for ineffective assistance of counsel).

Further, Petitioner cannot establish that but for counsel's failure to file the motion to suppress, he would not have entered the plea and instead would have gone to trial. Petitioner was facing a life sentence on the robbery with a firearm charge.    § 812.13(2)(a), Fla. Stat. (2006).   Petitioner bargained for and received a significantly shorter sentence. Petitioner, therefore, has not demonstrated counsel acted deficiently in failing to file a motion to suppress or that counsel's actions resulted in prejudice.    Accordingly, claim four is denied.

### C.    *Claim Five*

Petitioner alleges that his convictions and sentences for counts three and four, robbery with a firearm and attempted carjacking with a firearm, were imposed in violation of the Double Jeopardy Clause (Doc. No. 1 at 16).    Petitioner raised this claim in his Rule 3.800(a) motion, and the trial court denied his claim (App. E).    The Fifth District Court of Appeal affirmed *per curiam*.    *Id.*

Florida courts have held that dual convictions for robbery with a firearm and

14

carjacking with a firearm cannot stand where the only property taken was the key to the car that was carjacked.   *See Figgs v. State*, 123 So. 3d 680, 680 (Fla. 5th DCA 2013) (citing *Hanfield v. State*, 40 So. 3d 905 (Fla. 4th DCA 2010); *Price v. State*, 816 SO. 2d 738 (Fla. 3d DCA 2002)).   In the instant case, the only property Petitioner was alleged to have taken was the key to the victim's vehicle (App. A at 55-58).

Although at first glance it appears that Petitioner is entitled to relief on his claim, Florida law provides that the entry of a voluntary negotiated nolo contendere plea waives any later attack of a defendant's conviction or sentence on double jeopardy grounds.   *See Novaton v. State*, 634 So. 2d 607, 609 (Fla. 1994); *Latos v. State*, 39 So. 3d 511, 513 (Fla. 4th DCA 2010) (noting that "'[a]n agreement to a specific sentence or a specific sentencing benefit is a key element distinguishing a bargained plea agreement from a general one.'") (quoting *Williamson v. State*, 859 So. 2d 553, 554 (Fla. 1st DCA 2003)); *Calhoun v. Sec'y, Dep't of Corr.*, No. 5:12-cv-478-Oc-30PRL, 2013 WL 3270400, at *4 (M.D. Fla. June 26, 2013). Petitioner entered into a negotiated plea in this case, wherein he agreed to a twenty-year minimum mandatory sentence in exchange for a nolle prosequi with respect to count two. Therefore, Petitioner waived any double jeopardy claim with regard to counts three and four unless he can demonstrate that his plea was involuntary.

The record demonstrates that Petitioner voluntarily entered his plea.   At the plea hearing, the trial court discussed with Petitioner his decision to enter into a negotiated plea to counts one, three, and four in exchange for a twenty-year minimum mandatory

sentence (App. A at 3).    Petitioner stated that he understood the rights he was giving up and affirmed that he had not been pressured, threatened, or coerced into entering a plea. *Id.* at 4.    Additionally, Petitioner stated that he had not been promised anything other than what had been discussed.    *Id.*    Petitioner stated that he was satisfied with counsel. *Id.* at 5.    Petitioner also affirmed that he read the plea form and discussed it with counsel before signing it.    *Id.*    The trial court again noted that the plea provided for a twenty-year minimum mandatory sentence.    *Id.* at 6.    The plea form, which Petitioner signed, also stated that he had read the information, understood the charges against him, and had been explained the elements of the offenses and the maximum penalties that he faced. *Id.* at 59.

There is no indication from the record that Petitioner's plea was involuntary. Petitioner advised the trial court that he understood the charges, the rights he was giving up, and the sentence he was to receive.    At no point did Petitioner state that he did not understand the proceedings or plea agreement.    Further, Petitioner noted that he was satisfied with counsel's representations.    Petitioner's sworn statements to the trial court carry a strong presumption of truth, and Petitioner has not sufficiently demonstrated that this Court should overlook those statements.    *Blackledge,* 431 at 73-74; *United States v. Medlock*, 12 F.3d 185, 187 (11th Cir. 1994).    The record reflects that Petitioner made an intelligent choice to voluntarily enter a nolo contendere plea after consideration of the alternative courses of action.    *See Hill*, 474 U.S. at 56; *Stano*, 921 F.2d at 1141 ("a reviewing

federal court may set aside a . . . guilty plea only for failure to satisfy due process: If a defendant understands the charges against him, understands the consequences of his guilty plea, and voluntarily chooses to plead guilty, without being coerced to do so, the guilty plea . . . will be upheld on federal review.").

Moreover, to the extent that in claims two, three, and four Petitioner alleges his plea was involuntary, the Court previously determined that these claims were without merit.   Because Petitioner cannot demonstrate that his plea was involuntary, he is not entitled to relief on claim five.    Further, Petitioner does not allege that counsel's failure to raise the instant double jeopardy claim resulted in the involuntary entry of his plea. Accordingly, this claim is denied.

Any of Petitioner's allegations not specifically addressed herein have been found to be without merit.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1.    The Petition for Writ of Habeas Corpus filed by James L. Chenault (Doc. No. 1) is **DENIED**, and this case is **DISMISSED WITH PREJUDICE**.   The Clerk of the Court shall enter judgment accordingly.

2.    This Court should grant an application for certificate of appealability only if the Petitioner makes a substantial showing of the denial of a constitutional right.   28 U.S.C. § 2253(c)(2).   Petitioner has failed to make such a showing.   *See* Rule 11 of the *Rules Governing Section 2254 Cases in the United States District Courts.*   Accordingly, a

Certificate of Appealability is **DENIED**.

    3.    The Clerk of the Court is directed to close this case.

    **DONE AND ORDERED** in Orlando, Florida, this 5th day of June, 2014.


ROY B. DALTON JR.
United States District Judge


Copies to:
OrlP-3 6/5
James L. Chenault
Counsel of Record

18